Judge Simpson
delivered the opinion of the Court.
Harris instituted a suit in chancery against Patton, to foreclose a mortgage on some slaves, and to have the property sold for the payment of the debts secured by the mortgage. He obtained an order directing the sheriff to take the slaves into his possession, upon ah allegation that the mortgagor intended to remove them out of the State for the purpose of avoiding the payment of the debt. The sheriff having seized the slaves, and the defendant having failed to execute a bond as required, to have them forthcoming to abide any order or decree that might be made in the suit, he delivered them to the jailer of Mason county, where the suit was pending.
The jailer afterwards produced an account to the Court against the complainant, amounting to one hum *200 dred and fifty-eight dollars and seventy cents, subject to a credit of thirty dollars, that had been paid; and the Court allowed the account, and ordered the complainant to pay it.
Before the Chancellor makes an allowance for keeping property attached, the par ties,complainant and defendant— .-should be nolis tied by rule or otherwise, that they may contest -it.
To that order the complainant has prosecuted a writ of error, and contends that the amount allowed is excessive; and that no allowance should have been made until the defendant as well as himself had been apprized of the application, and an opportunity afforded them to contest the justice of the demand.
The slaves kept by the jailer consisted of a woman and her five children, tlis account is for boarding them for one hundred days, and for a physician’s bill of twenty dollars. Pie charges the prison fees for committing and releasing, and for keeping and providing for them, regarding the women and the children as equal to three and a half persons.
It does not appear from the record that there was any testimony introduced to establish the justice of the account, nor does it certainly appear that its payment was ordered without any such testimony; it is therefore contended that as the complainant failed to except to the action of the Court, and to show by his exceptions the evidence upon which the Court acted, he cannot now raise any qeestion as to the correctness and propriety of the allowance.
But there are two fatal objections to the order, which are apparent upon the record:
First. The allowance should not have been made until both the complainant and defendant had been notified by rule or otherwise, of the jailer’s application. The complainant is interested in the amount of the allowance, because if he had the slaves seized without a just cause, he will have to pay all the cost occasioned thereby. The defendant also has an interest inasmuch as he may be ultimately rendered liable for this as well as all the other costs of the'suit. No rule was served upon the defendant, nor was he otherwise notified that the motion was pending. .But as a rule was served up *201 on the complainant, and he is the sole plaintiff in -error in this case, he cannot avail himself of this, objection, as the defendant is alone prejudiced by this defect in the proceedings.
A jailor keeping slaves attached and delivered to him by the Sheriff, is entitled only to a reasonable compensation, not the price for keeping prisoners, and $138 70 for boar ding a negro woman and live childrenlOOdays is. unreasonable upon its face.
Second. The record shows that the slaves were not kept by the jailer under the order made in this suit for a longer period than some sixty odd days, although he has been allowed for the keeping of them for one hundred days; why or wherefore does not appear. If he boarded them for the balance of the time as is intimated by an order made in another suit, that would not authorize the allowance to be made in this suit for the whole time. The suits may result differently, even if they be between the same parties, and the costs may have to be paid in one case by one of the parties., and in the other case by the other party. The propriety of requiring the costs accruing in each -case, to be allowed and ordered to be paid in the respective cases in which they may accrue, is therefore perfectly obvious-This being an error to the prejudice of -the plaintiff in error, he has a right to complain of it.
But the account allowed is not authorized by law. The slaves were in possession of the jailer, not as .prisoners — he held them merely as the bailee of the Sheriff. The Sheriff had no power 'to commit* them to '-the jail of the county, nor had the jailer any right to regard them as prisoners. They remained with him in the character of boarders, requiring, however, for their security and safe retention, a superintending care, which is not necessary to be given to ordinary boarders. The jailer, however, is only entitled, to a reasonable compensation-for keeping them; -he has no right to demand i-n this case, the fees allowed by law in cases where prisoners are legally committed to his custody. Now $138 70 cents for keeping and boarding a female slave and five small children for one hundred days, even if the Court would have made an allowance for the whole time, would be unreasonable and oppressive. The duty of making an allowance and -determining its amount *202 devolves upon the Court, and an abuse of its power and discretion in relation to this matter, may operate as injuriously upon the rights of the parties, as an error committed by it in deciding upon the merits of the controversy between them. Its action upon such a matter is therefore subject to the'revising power of this Court, and where an error has intervened to the prejudice of any of the parties, he has a right to apply by a writ of error for its correction.
Cord and Walker for plaintiff; Harlan for defendant.
Wherefore the order of the Circuit Court directing the complainant Harris to pay to John Hill, jailer, the sum of $138 70 cts is reversed, and cause remanded for further proceedings on said motion in conformity with this opinion.